UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Jason Lavet Bethune, | CIVIL No. 21-2640 (DSD/DTS) |
| Plaintiff, | |
| v. | |
| Scott Baker, | |
| Defendant. | |

---

| | |
|---|---|
| Jason Lavet Bethune, | CIVIL No. 21-2641 (DSD/DTS) |
| Plaintiff, | |
| v. | |
| Matthew Schidmt, | |
| Defendant. | |

---

| | |
|---|---|
| Jason Lavet Bethune, | CIVIL No. 21-2674 (DSD/DTS) |
| Plaintiff, | |
| v. | |
| David Knutson, Matthew Schmidt, Scott Baker, Ted Knutson, Dakota County ALL, and Dakota District Court, | |
| Defendants. | |

---

**ORDER**

These matters are before the court based on the court's review of their dockets. In what follows, the court assumes reader familiarity with the court's past work with these actions, each

filed by plaintiff Jason Lavet Bethune.  See generally Order, Bethune v. Baker, No. 21-CV-2640 (DSD/DTS) (D. Minn. Jan. 18, 2022) (January 2022 Order) (addressing all three matters).

Relevant here, the January 2022 Order stated that because of the doctrine of Younger abstention, the court would abstain from exercising jurisdiction over these three actions.  See id. at 9. Because all three of the actions presented damages claims, the court stayed them pending the completion of two state-court criminal matters involving Bethune: (1) State v. Bethune, Case No. 19WS-CR-20-2865 (Minn. Dist. Ct.); and (2) State v. Bethune, Case No. 19WS-CR-21-5702 (Minn. Dist. Ct.).  See id. at 3–4, 10. As part of the stay, the court ordered Bethune to inform the court when those criminal matters (including any appeals) were complete. See id. at 10–11.

The court has heard nothing from Bethune since entry of the January 2022 Order.[1]  The court has therefore independently reviewed the dockets in Case No. 19WS-CR-20-2865 and Case No. 19WS-CR-21-5702 to understand developments since January 2022.[2]

---

[1] Bethune filed a notice of appeal as to the January 2022 Order (and, apparently, orders in other cases Bethune had filed in this District) in October 2023.  See, e.g., ECF No. 10 in No. 21-CV-2640.  The Eighth Circuit Court of Appeals later dismissed the appeal for failure to prosecute.  See J. 3, Bethune v. Gunderson, No. 23-3307 et al. (8th Cir. Dec. 20, 2023), available at, e.g., ECF No. 14 in No. 21-CV-2640.

[2] Many of the materials discussed below do not appear in the case dockets.  As public state-court records, however, the court

In Case No. 19WS-CR-20-2865, the state court appointed Bethune a public defender in April 2022. <u>See</u> Register of Action, <u>State v. Bethune</u>, Case No. 19WS-CR-20-2865 (Minn. Dist. Ct.), <u>available at</u> https://publicaccess.courts.state.mn.us/CaseSearch (last accessed June 3, 2024). In July 2022, the court ordered Bethune to undergo a competency examination under Rule 20.01 of the Minnesota Rules of Criminal Procedure. <u>See</u> Order for Rule 20.01 Competency Evaluation 1–2, <u>State v. Bethune</u>, No. 19WS-CR-20-2865 (Minn. Dist. Ct. July 1, 2022). The court later found Bethune incompetent to proceed. <u>See</u> Findings of Fact, Conclusions of Law and Order 1, <u>State v. Bethune</u>, No. 19WS-CR-20-2865 (Minn. Dist. Ct. Sept. 22, 2022) (September 2022 Order).

As part of the September 2022 Order, the Dakota County Attorney's Office was "authorized and directed . . . to commence civil commitment proceedings" against Bethune under relevant Minnesota law. <u>Id.</u> at 2. The order also provided that "[i]f a civil commitment petition is not filed concerning [Bethune]," Dakota County authorities should "notify this court of that determination." <u>Id.</u> at 4. On September 29, 2022, an assistant Dakota County Attorney submitted a letter to the state court stating that (1) a screener for Dakota County Social Services

---

can take judicial notice of these materials. <u>See, e.g.</u>, <u>Stutzka v. McCarville</u>, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (citing <u>United States v. Eagleboy</u>, 200 F.3d 1137, 1140 (8th Cir. 1999)).

"[did] not recommend [Bethune] be civilly committed at this time," and (2) the attorney agreed with that recommendation.  Ltr. 1, State v. Bethune, No. 19WS-CR-20-2865 (Minn. Dist. Ct. Sept. 29, 2022).

After this letter, there are no further docket entries in No. 19WS-CR-20-2865.  The "Charges" section of the Register of Action states, however, lists all three charges as "[d]ismissed."

As for No. 19WS-CR-21-5702, in February 2022 Bethune moved for a public defender, but the state court denied that request because Bethune had previously had, then discharged, an appointed attorney.  See Order Denying Public Defender 1, State v. Bethune, No. 19WS-CR-21-5702 (Minn. Dist. Ct. Feb. 28, 2022).  As the Court understands it, Bethune later entered into a plea agreement under which he pleaded guilty to one count of failing to drive with due care (charged as a petty misdemeanor).  See Plea Agreement and Sentencing Order for Payable/Traffic Court 1, State v. Bethune, No. 19WS-CR-21-5702 (Minn. Dist. Ct. Feb. 28, 2022).  Bethune's sentence was "continued for dismissal" subject to him completing a three-month probation period that ended in June 2022.  Id.; Register of Action, State v. Bethune, No. 19WS-CR-21-5702 (Minn. Dist. Ct. Feb. 28, 2022), available at https://publicaccess .courts.state.mn.us/CaseSearch (last accessed June 3, 2024).  Here again, this case's Register of Actions states that all the relevant charges have been "[d]ismissed."

Based on this review, the court concludes that for all practical purposes, Bethune's state-court cases are complete. This means that the considerations that led this court to stay these matters no longer apply.  See Jan. 2022 Order 9–11.  The court will therefore lift the stay in each matter.

As a threshold issue, however, Bethune has not paid the civil-action filing fee for any of these three matters - he filed motions to proceed in forma pauperis in each, but the court dismissed those without prejudice as part of the January 2022 Order.  See Jan. 2022 Order 10-12.  For any action Bethune wants to continue, he must resolve this filing-fee issue.  As a result, if Bethune wants to proceed in any of the three pending actions, he must either pay that action's filing fee or apply to proceed in forma pauperis in that action.  If he fails to do so, the court will dismiss the action without prejudice for failure to prosecute under Federal Rule of Civil Procedure 41(b).

Accordingly, based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. The stay entered in the above-captioned actions is lifted;

2. The clerk of court is directed to administratively reopen the above-captioned matters; and

3. For each of the above-captioned actions, plaintiff is directed to either (1) pay the action's filing fee, or (2) apply to proceed in forma pauperis.  These payments or

applications are due within 21 days of this order's date. In any action for which Bethune fails to do either, the court will dismiss the action without prejudice for failure to prosecute under Federal Rule of Civil Procedure 41(b).


Dated: June 6, 2024                    s/David S. Doty
                                       David S. Doty, Judge
                                       United States District Court